IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MAURICE FUDGE,                          :
                                        :
            Petitioner,                 :
                                        :
      v.                                :     1:14-cv-01923
                                        :
MICHAEL OVERMYER, et al.                :     Hon. John E. Jones III
                                        :
            Respondents.                :

## MEMORANDUM

### March 12, 2015

Petitioner Maurice Fudge has filed a petition for writ of habeas corpus
pursuant to 28 U.S.C. § 2254.  (Doc. 1).  He challenges a conviction and sentence
imposed by the Court of Common Pleas of Lycoming County, Pennsylvania.  Id.
In his petition, Fudge raises three overarching grounds for relief: (1) ineffective
assistance of counsel; (2) ineffective assistance of appellate counsel, and; (3)
ineffective assistance of Post Conviction Relief Act ("PCRA") counsel.  Id.

In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and
Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), this Court issued formal notice to
Fudge that he could either have the petition ruled on as filed but lose his ability to
file a second or successive petition, or withdraw his petition and file one all-
inclusive § 2254 petition within the one-year statutory period prescribed by the
Antiterrorism Effective Death Penalty Act ("AEDPA").  (Doc. 4).  On October 17,

2014, Fudge returned the notice of election, indicating that he wished to proceed with his petition as filed.  (Doc. 4).  On January 16, 2015, the Respondents filed a response to Fudge's habeas petition.  (Docs. 14, 15).  This matter is ripe for disposition and, for the reasons set forth below, the petition will be dismissed.

## I.    <u>Statement of Relevant Facts</u>

On December 27, 2008, Fudge was arrested by the Williamsport police department after robbing a local store.  (Doc. 14, Ex. 3).  Fudge proceeded to trial and on August 18, 2009, was found guilty of two counts of criminal conspiracy to commit robbery, two counts of robbery, one count of theft, one count of receiving stolen property, one count of simple assault, and one count of terroristic threats. Id. at Ex. 1.  On October 20, 2009, Fudge was sentenced to a term of ten to twenty years imprisonment for his crimes.  Id. at Ex. 2.

After exhausting direct appeals, Fudge filed a pro se PCRA Petition on August 9, 2012.  Id. at Ex. 5.  Fudge argued that his trial counsel was ineffective for failing to: (1) seek proper jury instructions; (2) properly impeach a witness' testimony by presenting his plea agreement with the prosecution; (3) seek suppression of a witness' statement to police; (4) obtain a mental health expert to challenge a witness' credibility; (5) call two witnesses to testify; (6) use a witness' past criminal history for impeachment purposes; (7) allow Fudge to plead guilty to the charges rather than going to trial; (8) challenge the imposition of a severe

sentence; (9) cross-examine one witness, and; (10) conduct a proper pretrial investigation.  Id. at Ex. 6.

Counsel was appointed for Fudge, but on October 26, 2012, counsel sent a Turner/Finley letter[1] to Fudge and the PCRA Court, stating that the issued raised were without merit and seeking to withdraw from the case.  Id.  On November 15, 2012, upon conducting an independent review of the record, the PCRA Court likewise concluded that there was "no arguable merit to the claims raised" in Fudge's PCRA petition, and therefore provided notice of its intent to dismiss the petition.  Id. at Ex. 7.  On December 10, 2012, the PCRA Court dismissed Fudge's petition after no objections were received.  Id. at Ex. 8.  Thereafter, the PCRA Court granted a motion for reconsideration, but again concluded that there was no merit to Fudge's petition, and affirmed its previous dismissal.  Id. at Ex. 9.

After appealing the dismissal to the Pennsylvania Superior Court, Fudge provided a statement of errors complained of on appeal to the PCRA Court in accordance with the Pennsylvania Rules of Appellate Procedure, Rule 1925(b).  Id. at Ex. 10.  In this 1925(b) Statement, Fudge presented three errors complained of: (1) "[d]id PCRA-initial review counsel render effective assistance to petitioner[;]" (2) "[d]id PCRA-initial review Court properly decide Petitioner's claims[;]" and

---

[1] A Turner/Finley letter is a "no merit" letter sent to the Court "detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, and explaining why and how these issues lack merit, and requesting permission to withdraw."  Com. v. Wrecks, 931 A.2d 717, 721 (Pa.Super. 2007).

(3) "[d]id Petitioner receive his entitlement to Due Process in his PCRA-initial

review proceedings[?]" Id.

On February 25, 2013, the PCRA Court concluded that Fudge's 1925(b)

Statement did not identify the errors alleged "with sufficient detail to identify all

pertinent issues" and therefore deemed all issues waived.  Id. at Ex. 11.  On

September 3, 2013, the Superior Court likewise concluded that any issues related

to ineffective assistance of counsel were waived due to the vagueness of Fudge's

1925(b) Statement.  Id. at Ex. 12, p. 7-8.  The Superior Court rejected Fudge's

argument that the PCRA Court's dismissal of his petition "did not provide

sufficient" reasoning for him to determine the Court's rationale.  Id.  Rather, the

Superior Court concluded that, given the PCRA Court's reference to the

"extraordinarily thorough" Turner/Finley letter, Fudge could easily have

determined the PCRA Court's rationale.  Id. at p. 2, 7-8.  Furthermore, the Superior

Court reasoned that because "the majority of" Fudge's appeal was predicated upon

ineffective assistance of PCRA Counsel, there was no reason not to include such

issues in the 1925(b) Statement.  Id. at 8.

## II.  Discussion

### A. Non-Cognizable Claims

Fudge alleges that his attorney in the PCRA proceeding was constitutionally

ineffective.  (Doc. 1).  28 U.S.C. §2254(i) provides that "[t]he ineffectiveness or

incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." As a result, Fudge's claim that he was denied effective assistance of counsel in his PCRA proceeding is not cognizable under Section 2254, and must be dismissed.

Furthermore, the United States Court of Appeals for the Third Circuit has held that "the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation." Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998). Thus, "habeas proceedings are not the appropriate forum for [a prisoner] to pursue claims of error at the PCRA proceeding . . . It is the original trial that is the 'main event' for habeas purposes." Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004). Consequently, to the extent that Fudge argues the PCRA Court itself erred, that claim is likewise not cognizable in a Section 2254 petition.

## B. Cognizable Claims

Fudge also raises numerous claims of ineffective assistance of trial counsel and appellate counsel, claims which are cognizable in a 2254 habeas petition. (Doc. 1). Respondents contend that these claims are procedurally defaulted, and therefore cannot be considered by this Court. (Doc. 15).

Subject to limited exceptions, a petitioner filing a writ of habeas corpus pursuant to Section 2254 must first exhaust all claims in state court.  28 U.S.C. §2254(b)(1).  "In order for a claim to be exhausted, it must be 'fairly presented' to the state courts 'by invoking one complete round of the State's established appellate review process.'"  Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)).  A state court appeal must comply with relevant procedural requirements in order to properly exhaust a claim.  Coleman v. Thompson, 501 U.S. 722, 729-30 (1991).

The doctrine of procedural default is a similar concept.  Where an individual has not fairly presented his or her claims in state court, but the claim is now "barred from consideration in the state courts by an 'independent and adequate' state procedural rule[,]" procedural default has occurred.  Carpenter, 296 F.3d at 146 (citing Doctor v. Walters, 96 F.3d 675, 683 (3d Cir. 1996)).  A federal court "will presume that there is no independent and adequate state ground for a state court decision when the decision 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'"  Coleman, 501 U.S. at 734-35 (quoting Michigan v. Long, 463 U.S. 1032, 1040-41 (1983)).

If procedural default has occurred, a district court may consider the merits of the claim only if "the applicant establishes 'cause' to excuse the default and actual

'prejudice' as a result of the alleged violation of the federal law or [] the applicant demonstrates that failure to consider the claim will result in a 'fundamental miscarriage of justice.'" Carpenter, 296 F.3d at 146 (quoting Coleman, 501 U.S. at 750).

1. *Fudge's Claims are Barred by an Independent and Adequate State Rule*

Previously, Fudge filed a 1925(b) Statement with the PCRA Court, listing only one general and imprecise issue relating to ineffective assistance of counsel: did "PCRA-initial review counsel render effective assistance to petitioner[?]" (Doc. 14, Ex. 9). The PCRA Court found that Fudge's 1925(b) Statement did not comply with the requirements of Rule 1925, a conclusion that the Superior Court agreed with. Id. at Ex. 10, 11. Rule 1925(b)(4) provides that a 1925(b) "Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge . . . Issues not included in the [1925(b)] Statement and/or not raised in accordance with [this provision] are waived." Pa. R.A.P. 1925(b)(4)(ii), (vii).

The language employed by Fudge was insufficient to identify any pertinent issues for the PCRA Court or the Superior Court to consider. The Statement does not identify with any specificity what errors his counsel made, or how the PCRA may have erred in evaluating those claims. Furthermore and notably, by its plain language Fudge's 1925(b) Statement did not raise ineffectiveness of trial and/or

appellate counsel, but rather raised ineffective assistance of PCRA counsel. Consequently, and because Fudge made no claims as to his trial or appellate counsel, the state courts correctly concluded that Fudge had waived claims relating to ineffective assistance by underlying counsel.

The rule of waiver for failing to properly raise an issue in a 1925(b) Statement is an independent and adequate state ground, and therefore results in Fudge having procedurally defaulted on ineffective assistance of counsel claims. See, Buck v. Colleran, 115 F.App'x 526, 528 (3d Cir. 2004) (holding that failure to comply with Pennsylvania Rule 1925(b) constitutes a procedural default); Price v. Wynder, 350 F.App'x 692, 692 (3d Cir. 2009) ("[petitioner] committed a procedural default by failing to file a timely Concise Statement of Matter Complained of on Appeal as required by Pennsylvania Rule of Appellate Procedure 1925(b)").  Thus, Fudge's claims may only be considered if he establishes cause for the procedural default, or a fundamental miscarriage of justice.  Murray v. Carrier, 477 U.S. 478, 488 (1986).

  2. *No Exception to Procedural Default Exists*

Under the procedural default doctrine, a petitioner will establish "cause" if he or she shows that "some objective factor external to the defense impeded counsel's effort to comply with the State's procedural rule."  Murray, 477 U.S. at 488.  To establish actual prejudice the petitioner must show that the errors at trial

"worked to his [or her] actual and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions." <u>Id.</u> at 494.

The "fundamental miscarriage of justice" exception applies only where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." <u>Id.</u> at 496.  In such a scenario, the petitioner must present new and reliable evidence, not presented at trial, demonstrating that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." <u>House v. Bell</u>, 547 U.S. 518, 537-38 (2005) (citing <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995)).

Fudge has presented no argument that cause exists to excuse his procedural default, with the exception of the statement that he was "not . . . a licensed attorney and, ipso facto, deserv[ed] lenient adherence to the rules based on his lack of being a lawyer." (Doc. 1, p. 11).  However, "the right of self-representation does not exempt a party from compliance with relevant rules of procedural law." <u>Siluk v. Beard</u>, 395 F.App'x 817, 820 (3d Cir. 2010).  Consequently, a petitioner's "pro se status, without more, cannot constitute cause sufficient to excuse the procedural default of his [or her] federal claims in state court." <u>Id.</u>  As a result, Fudge has not provided sufficient cause to excuse his procedural default.

Additionally, Fudge has made no argument that a fundamental miscarriage of justice has occurred and has presented no new evidence to this Court.  <u>See</u>, doc.

1.  Thus, the fundamental miscarriage of justice exception does not apply.  House, 547 U.S. at 537-38.  Consequently, Fudge has failed to establish an exception to procedural default, and this Court may not consider his petition on its merits.

### C. Certificate of Appealability

Under the AEDPA, when a district court "denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should be issued if "jurists of reason" would find that: (1) it is debatable whether the petition states a valid claim for the denial of a constitutional right, and (2) it is debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483 (2000).

Claim four of Fudge's habeas petition raises a claim of ineffective assistance of PCRA counsel.  (Doc. 1).  The plain language of 28 U.S.C. §2254(i) excludes such claims from habeas review.  Claims one, two, and three are procedurally defaulted, and Fudge has made no legitimate argument that his default should be excused.  Therefore, jurists of reason could not find it debatable that this Court does not have jurisdiction to consider Fudge's petition and, as a result, a certificate of appealability will not be issued.

**IV.**   <u>**Conclusion**</u>

Fudge's challenge to the effectiveness of PCRA counsel is not cognizable in a Section 2254 habeas petition.  Furthermore, a review of the record reveals that Fudge has procedurally defaulted on his remaining claims, and no exceptions exist that would permit this Court to review those claims on the merits.  The petition will therefore be dismissed.

An appropriate Order will be entered.